UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:22-cr-65-CEA-SKL |
| v. ) | |
| ) | |
| JACKIE BAILEY ) | |

**UNITED STATES' POST-*FRANKS* HEARING BRIEF**

The United States in its initial brief invited the Court to disregard items seen during a protective sweep of Bailey's residence and here reaffirms its position that the search warrant contained ample probable cause apart from any reference to them. For his part, Bailey submits the only remaining problematic statement in the search warrant affidavit is the clause, "all law enforcement personnel present, including your affiant, could smell the distinct odor of marijuana coming from inside the residence." (R. 50, Transcript of *Franks* Hearing, PageId # 1085-86.) Bailey contends that the affiant, Dustin Brisher, intentionally lied both in his affidavit and in his testimony to the Court. (Id. at 1089.) The defendant does not dispute that more than twenty pounds of raw marijuana were present throughout the house he had just been seen entering. Nor does he contest the validity of the arrest warrant, a warrant that would have provided officers the right to enter his residence without further authorization. But he claims that one of those officers left the scene so that he might lie to a judge about the odor of marijuana emanating from the house.

A search warrant affidavit is presumptively valid and may only be challenged under limited circumstances. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). A party

challenging a search warrant must prove that the warrant included a false statement or omission necessary to a finding of probable cause. *United States v. Young*, 847 F.3d 328, 348-49 (6th Cir. 2017); *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1999) (quoting *Franks*, 438 U.S. 154, 155-56 (1978)). At a *Franks* hearing, the defendant must establish his allegations by a preponderance of the evidence. *Id*. at 156.

This Court is well-equipped to accept or reject testimony based on the credibility of a given witness. See *United States v. Hill*, 195 F.3d 258, 266 (6th Cir. 1999) (the record, the court's experience, reasonable inferences, and common sense all enter into the credibility determination). The essential facts track closely with the United States' rendering in its pre-hearing brief. We point to those portions of the transcript which expand upon and illuminate the central question of Bailey's challenge.

Bailey's first witness was Dustin Brisher, the affiant, who at the time of the relevant events was a state drug task force agent, called to the scene by the fugitive task force because Bailey was a known drug dealer. (R. 50, Transcript of *Franks* Hearing, at PageID 854.) The vast majority of the 500 or so drug cases he had worked on during his career involved marijuana. (Id. at 839.) As he was outside and near the open door to the enclosed garage, "that's where the odor of marijuana was really strong." (Id. at 821.) Brisher was not willing to say he spoke with every officer on the scene, but every officer he spoke with said they also smelled marijuana. (Id. at 838.) He recalled that ATF SA Baldwin as well as two or three Deputy U.S. Marshals said so. (Id.) Brisher testified that once inside the residence, "the odor of marijuana was pretty strong in the kitchen." (Id. at 846.)

The United States' only witness was ATF SA Adam Baldwin. A majority of his

Page **2** of **4**

Case 1:22-cr-00065-CEA-SKL   Document 51   Filed 07/03/23   Page 2 of 4   PageID #: 1101

"several hundred" investigations included marijuana, and involved "both small and large seizures." (Id. at 947-48.) He had also received specific training in detecting the odor of various drugs. (Id. at 986.) He testified that prior to his entry into the residence, the odor of marijuana coming from within the house was "overpowering—what I would definitely call an overpowering smell of raw marijuana." (Id. at 939.) "The only—the only smell that I recall was marijuana. And the reason I recall it so long after the incident is because it was—it was so strong." (Id. at 947.)

As Brisher was unavailing in supporting Bailey's factual assertions in his motions, he called one of the two signatories to affidavits supporting his motion for a *Franks* hearing: Desirea Sunderland. Unlike Brisher and Baldwin, she provided no basis for knowing the smell of marijuana—rather, she took the Fifth. (Id. at 887-88.) Differences between her affidavit (executed June 5, 2023) and her testimony (June 22, 2023) as to whether it was the smell of food, candle wax or Downy fabric softener that filled the house she attributed to her faulty memory. (Id. at 888-89.) But she testified she did not smell marijuana in the house. (Id. at 883.)

Bailey also called Corbin McGlamery. He testified that he did not smell marijuana while he was at the house to get Bailey's dogs. (Id. at 917.) He said the place smelled of washing detergent and candles and dogs. (Id.) He testified that he thought there was a Boston butt on the makeshift smoker in the garage. (Id. at 918.) McGlamery is 18 years old. (Id. at 920.) His prior experience with smelling marijuana, he testified, occurred three to four years ago when, on two occasions, he rolled a marijuana cigarette. (Id. at 924.)

The Court zeroed in on the issue in this case during its closing colloquy with defense

counsel. "You're saying [Brisher is] making an intentional falsehood both in the affidavit and to the Court that he could smell the odor of marijuana coming from inside the residence…" (Id. at 1089.) As to affiant Brisher's representation regarding "all officers," the Court noted, "[y]ou have the burden of proof. You didn't call any of the other officers and ask them if they too—you could have called any number of marshals and asked them…" (Id. at 1090.) The record supports a finding that the affiant believed every word of his affidavit at the time he submitted it for the magistrate's consideration. Bailey has failed to demonstrate by a preponderance of the evidence that the affiant's statement that he and all officers on the scene smelled marijuana was an intentional falsehood.

                                      Respectfully submitted,

                                        FRANCIS M. HAMILTON III
                                        UNITED STATES ATTORNEY

            By: s/ *Scott A. Winne*
                 Scott A. Winne, ME Bar #7120
                 Assistant United States Attorney
                 1110 Market Street, Suite 515
                 Chattanooga, Tennessee 37402
                 Scott.Winne@usdoj.gov
                 (423) 752-5140