UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.                                                No. 1:22-cr-065-CEA-SKL

JACKIE BAILEY,

    **Defendant.**

## DEFENDANT'S POST-FRANKS MEMORANDUM

Comes now the Defendant, Jackie Bailey by and through counsel, and for Memorandum Post-Franks Hearing would states as follows:

## LAW

### A. Franks Standard

A defendant is entitled to a *Franks* hearing if they can show: 1) that a false statement was knowingly made, or with reckless disregard for the truth, and was included in that affidavit by the affiant; 2) and the false statement or the statement made in reckless disregard for the truth is necessary to the finding of probable cause. *U.S. v Graham,* 275 F.3d 490 (6th Cir. 2001 An affidavit must be supported by truthful facts at least believed to be true by the affiant. *Franks vs Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 l.Ed.2d 667 (1978) The 6th Circuit applying *Franks* in *U.S. vs Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008) held that the court can hold a hearing or find that part of the affidavit false statements was made knowingly and intentionally or in reckless disregard of the truth. Id at 545. If after excising the false portions of the affidavit probable cause still exists that suppression is not appropriate. If, however, after excise of the false statements probable cause fails then suppression is in order. Id at 545; *U.S. v Graham,* 275

F.3d 490 (6th Cir. 2001)

### B. Credibility

The Magistrate Judge is the factfinder and has the opportunity to observe and hear the witnesses and assess their demeanor, and consequently the magistrate is in the best position to determine the witnesses' credibility. *Peveler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001)); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999); *United States v. Raddatz,* 447 U.S. 667, 675–76, (1980) The Court's assessment of the witnesses will be the measure that decides this case. The Court must determine if the Defendant met his burden of the preponderance of evidence by the witnesses. *Graham*, supra at pg. 505. (Citing *Franks* at pg. 156.)

## FACTS

### A. TESTIMONY OF DUSTIN BRISHER

Agent Dustin Brisher was a certified police officer with the 12th and 31st Judicial District Drug Task Force. Tr. Pg. Id 798 ln. 21. Agent Brisher Prepared the Affidavit in question upon which the Frank's Motion is focused. Tr. Pg. Id. 831 ln.4. The Affidavit had two statements which were in consideration in the hearing. The first statement was as follows: "While at the residence using what appeared to be the primary door attempting to talk Bailey out of the residence al Law Enforcement personal present, including your affiant could smell the distinct odor of Marijuana Coming from inside the residence." Tr. Pg. 834 ln. 17. The second statement challenged in the affidavit is " Your affiant found in Plain view laying on a car tire next to the primary door of the residence a black in color G43x pistol in a holster. " Tr. Pg. Id. 817 ln 7.

Agent Brisher stated that he first smelled marijuana around the front passenger tire of the

white Jeep as shown in Defense Exhibit 2. Tr. Pg. 823 ln. 4. Officer Brisher indicated that all law enforcement present could smell marijuana in affidavit. See Exhibit 1. However, Agent Brisher could only remember talking to Agent Baldwin about whether he smelled marijuana. Tr. Pg. Id. 838 ln. 5-23. Brisher could not recall any other officers that told him that they smelled marijuana. Tr. Pg. Id. 838 ln. 5. He assumed that officers could smell what he smelled. Tr. Pg. Id. 839 ln. 2-8. Brisher based his identification of the smell of unburnt marijuana on his experience. Tr. Pg. Id. 840 ln. 17. According to Brisher, he was involved in over 500 drug-related investigations and 90% of those involved marijuana. Tr. Pg. Id. 839 ln. 12.

Agent Brisher agreed that baggies can prevent the smell of marijuana from escaping the packaging. Tr. Pg. Id. 841 ln. 6. Walls, doors and packaging can affect the ability to detect marijuana smell. Tr. Pg. Id. 841 ln. 10-17. Barriers to smell like packaging can affect the ability of K9s to smell marijuana. Tr. Pg. Id. 841 ln. 21. Also, humans have weaker senses of smell that k9s. Tr. Pg. Id. 841 ln. 24. Brisher says he has smelled burnt and unburnt marijuana, but he says there is no difference in the smell related to detection. Tr. Pg. Id. 842 ln. 3-9.

During the search after the issuance of the search warrant, Brisher does not remember any smells from the laundry room. Tr. Pg. Id. 846 ln. 17. The marijuana recovered by Brisher was in an air return vent in 1lbs vacuumed sealed packages. Tr. Pg. Id. 847 ln. 7. Agent Brisher agrees that the vacuum sealing prevents air from escaping the packaging, but he recalls smelling marijuana from the air return. Tr. Pg. Id. 847 ln. 13-25. The marijuana in the return vent was in a box and was behind an air filter. Tr. Pg. Id. 848 ln. 4-13. The air return vent was 25 feet down the hallway. Tr. Pg. Id. 848 ln. 17.

Brisher claimed to be able to smell marijuana outside the garage which was 30 feet from the door leading from the garage to the house as shown in Exhibit 2. Tr. Pg. Id. 850 ln. 20. After

being shown Exhibit 3 Agent Brisher could recall the motorcycle and pile of lumber in the garage. Tr. Pg. Id. 826 ln. 12. Agent Brisher says he did not enter the garage area before he sought the search warrant. Tr. Pg. Id. 844 ln. 7.

### B. Testimony of Deseria Sunderland

Deseria Sunderland testified that she arrived around 3:00pm. Tr. Pg. Id. 876 ln. 6. There was garage smells and wood in the garage when she was there 3/21/22. Tr. Pg. Id. 879 ln. 8. She said there was no smell of marijuana on that day. Tr. Pg. Id. 879 ln. 11. Ms. Sunderland identified Exhibit 4 as the door entering into the residence. Tr. Pg. Id. 879 ln. 22. After you enter the residence there is a laundry room. Tr. Pg. Id. 880 ln. 4. She testified that she knows the smell of marijuana from her childhood. Tr. Pg. Id. 881 ln. 11. She testified that she knows the difference between burnt and unburnt marijuana. Tr. Pg. Id. 881 ln. 13-21. Sunderland said that she did not smell burnt or unburnt marijuana when entering the residence that day. Tr. Pg. Id. 881 ln. 25. Upo0n entering the house Sunderland says you smell "downy" and candle warmer. Tr. Pg. Id. 882 ln. 4-9. Sunderland explained that the candle warmer is a device that releases fragrance in the air. Tr. Pg. Id. 882 ln. 21. Never smelled the odor of marijuana when in the home. Tr. Pg. Id. 883 ln.11.

Under Cross examination Sunderland said the smell of candle warmer was always in the house. Tr. Pg. Id. 888 ln. 17.; Tr. Pg. Id. 891 ln. 21. She said she smelled lumber. Tr. Pg. Id. 892 ln. 6. Did not smell marijuana when she left the house. Tr. Pg. Id. 911 ln. 7.

### C. Testimony of Corbin McGlamery

Corbin McGlamery testified that Jackie Bailey was basically his dad. Tr. Pg. Id. 912 ln.

9. McGlamery testified that he recognized the depiction in Exhibit 2 & 4 and said that he entered the door that day in the photographs. Tr. Pg. Id. 914 ln. 2-16. He testified that he did not smell marijuana on that day. Tr. Pg. Id. 916 ln. 7. He is familiar with the smell of burnt and unburnt marijuana from his use of marijuana. Tr. Pg. Id. 838 ln. 18-24. He had been there the morning of the arrest and did not smell marijuana then. Tr. Pg. Id. 917 ln. 7. McGlamery remembers the smell of the laundry room, candles and dogs. Tr. Pg. Id. 917 ln. 10. The garage smells like fuel. Tr. Pg. Id. 917 ln. 15. McGlamery identified the smoker in the garage that was used to smoke ham and a butt that day. Tr. Pg. Id. 918 ln. 12.

### D. Testimony of Adam Baldwin

Baldwin testified that he smelled marijuana outside the house. Tr. Pg. Id. 945 ln. 12. Baldwin could not smell laundry room smells, boston butt, candles, fuel or lumber. Tr. Pg. Id. 947 ln. 4-10; Tr. Pg. Id. 1000 ln. 25.

### ARGUMENT

The most credible evidence comes from Ms. Sunderland and Mr. McGlamery. Bothe of them testified consistently and truthfully regarding the smells in the house. It is more believable that there were no marijuana smells outside as testified to by McGlamery and Sunderland. The presence of other smells is corroborated by the facts including a laundry room, a meat smoker, the garage and fuel, and the candle melter. The fact that the officers claim to be able to smell marijuana outside through walls and doors and over laundry detergent, candles fuel and smoker smells is unbelievable. Also, all of the marijuana was in a container. According to Agent Brisher, these packages along with wall and doors can prevent the smell of marijuana. The statement in the affidavit that he and other law enforcement smelled marijuana is not credible.

Brisher also said that all law enforcement could smell marijuana in the affidavit. When questioned he admitted that it was his assumption that all the officers could smell the marijuana. The statement about all law enforcement smelling marijuana is false.

Defendant relied upon the study of Dr. Richard Doty submitted as Defense Exhibit 17. It stands for the principle that barriers to airflow prevent the smell of marijuana. It also stands for the evidence that humans cannot smell marijuana that is packaged and behind the barrier of a car trunk. Humans have weak senses of smell including police officers.

Officers planned a searched before they arrived at the scene to arrest Jackie Bailey. The plan to search was why Brisher was invited. Tr. Pg. Id. 809 ln. 16. The fact that officers were going to search and knew that Jackie Bailey had a warrant for the arrest for tracking in marijuana further lends to the lack of credibility as it relates to the detection of the smell of marijuana. Defendant would argue that officers planned to base the search on the smell of marijuana.

Lastly, the affidavit mentions that a gun was reportedly found in the rear bedroom and this information was relayed to Brisher. The testimony was that the gun which was moved from under the furniture in the bedroom shows that the officer story is untrue. This testimony which was potentially a statement against interest was made by Deseria. This part of the affidavit while not being considered by the court for Franks since the government conceded is relevant to credibility. The entire account of the gun found in the middle of the floor is false. So is the affidavit about the smell of marijuana.

## CONCLUSION

The Court should sustain the motion and find no probable cause and suppress the search.

**FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.**

By:     */s/ Clayton M. Whittaker*
        **CLAYTON M. WHITTAKER, BPR #013461**
        Assistant Federal Defender
        *Attorney for Defendant*
        835 Georgia Avenue, Suite 600
        Chattanooga, Tennessee 37402
        (423) 756-4349 fax: (423) 756-4345
        Email: clay_whittaker@fd.org