UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:22-cr-65 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| | ) | Magistrate Judge Lee |
| JACKIE BAILEY | ) | |
| | ) | |

# ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On July 14, 2023, Magistrate Judge Susan K. Lee issued a Report and Recommendation ("R&R") recommending that Defendant Jackie Bailey's Amended Motion to Suppress [Doc. 37] be denied. [Doc. 53]. Defendant filed objections to the R&R on July 28, 2023 [Doc. 54], and the United States responded to Defendant's objections on August 4, 2023. [Doc. 55]. Defendant filed a Reply on August 11, 2023. [Doc. 56].

For the reasons explained below, Defendant's objections to the R&R are **OVERRULED**. Further, the R&R [Doc. 53] is **APPROVED** and **ADOPTED** as the opinion of the Court. Defendant's Amended Motion to Suppress [Doc. 37] is **DENIED**.

## I. STANDARD

This Court is required to perform *de novo* review of any objections to an R&R. 28 U.S.C. § 636(b); *United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007) ("It is well-settled that upon proper objection by a party, a district court must review de novo a magistrate judge's ruling on a motion to suppress."). The Court can accept, modify, or reject the findings or recommendations – in whole or in part. *United States v. Robinson*, 2007 WL 2139635, at *1 (E.D. Tenn. July 23, 2007).

1

## II. Defendant's Objections to the R&R

Defendant offers a litany of objections, which are frankly hard to follow at times. The organization is confused, and Defendant's counsel jumps back-and-forth on the issues throughout the brief. Defendant even appears to contradict his own arguments and claims at times.[1] Given the apparent haste with which the objections were drafted, the Court has done its best to take note and address each of them. The Court identifies Defendant's overarching objection as one concerning Magistrate Judge Lee's determinations of credibility. That is, Defendant objects to Judge Lee's finding that the Officers were credible in their testimony, that there was no *Franks* violation, and therefore probable cause existed and the Motion to Suppress should be denied. [Doc. 54 at 1]. Through its reading, the objections can be specifically summarized as: (1) an objection regarding the credibility of the officers in comparison to Defendant's witnesses; (2) an objection to the Court's allegedly improper determination and discussion of bias; and (3) an objection to the Court's finding that the affidavit was not materially false.

### A. Credibility of the Witnesses

Defendant argues that the Court was incorrect in finding the testifying officers credible. The Court may modify, reject, or accept the findings and recommendations from a magistrate judge. 28 U.S.C. § 636(b)(1)(C). That said, it remains "unlikely that a district judge would reject a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal . . . ." *United States v. Raddatz*, 447 U.S. 667, 681 (1980). A court is given wide latitude in making its credibility determinations. *United States v. Haynes*, 301 F.3d 669, 679 (6th Cir. 2002). Further, credibility determinations of magistrate judges are given "great weight" when the magistrate judge "personally listened to the testimony of a witness." *United*

---

[1] For instance, when discussing the same excerpt of the affidavit at issue, Defendant first posits "[t]he court failed to make a finding about the statement in the affidavit" [Doc. 54 at 1] but subsequently admits that "[t]he court found that the statement in the affidavit was ***not*** materially false." [*Id.* at 7].

*States v. Solomon*, No. 13-40-ART-5, 2015 WL 5474395, at *4 (E.D. Ky. Sept. 17, 2015) (quoting *United States v. Johnson*, No. 10-20176, 2011 WL 3844104, at *2 (W.D. Tenn. Aug. 30, 2011)). After reviewing the record and transcript of the suppression hearing it is apparent that Judge Lee's determinations on credibility were sound.

Defendant claims that Judge Lee erred by not treating "the sense of sight the same way that [she] treated the assessment of the agent's perceptions of odors they detected or failed to detect." [Doc. 54 at 2]. That is, Defendant seems to argue that Judge Lee did not adequately consider the testimony of Defendant's witnesses, what they claimed to smell, and how these claims allegedly align with the pictures taken on scene.[2] Defendant explains that "photographs of the house and its contents match [the defense witness] testimony," while the agents did not "testify about any other smell the day of the search but the odor of marijuana[.]" [*Id.* at 3]. Here, Defendant focuses on what is seen in the pictures, and it certainly follows that normal household smells like laundry detergent, food, and gasoline would be present in the house/garage. However, those items seen in photographs do not capture the totality of *smells* present at the time of capture. The Court does not find it particularly unlikely that a strong smell of marijuana would stick with officers who are trained to detect the scent of marijuana. On the other hand, it is reasonable that normal household smells like laundry detergent, fabric softener, and food, as well as normal garage smells like gasoline, would not stand out in their memory. The presence of normal household supplies and items in pictures of the scene does not preclude the presence of marijuana fragrance, nor does the testimony that the officers do not recall the normal household smells render the officers' statements noncredible. To the contrary, the officers who testified at the *Franks* hearing, and who were present

---

[2] Again, Defendant's brief is confused and disorganized. But the Court believes this to be the argument made here.

on scene, possess significant experience in drug cases and Agent Baldwin has specialized training in detecting drug odors.

As far as the credibility of Defendant's witnesses are concerned, the Court agrees with Judge Lee's determinations. Defense witness Sunderland denied basis for knowledge of what marijuana smells like, and inconsistencies between her affidavit and live testimony emerged during the hearing. [*See* Doc. 53 at 8-9]. Defendant's witnesses have long, personal histories with Defendant that were clear during their testimony. [*Id.* at 16]. The Court does not see any legitimate reason to disagree with Judge Lee's conclusion as to their credibility—particularly given the significant weight granted to a magistrate judge who hears firsthand testimony. Thus, the Court agrees with Judge Lee in finding the Government's witnesses more credible than Defendant's witnesses.

Towards the end of the briefing, Defendant appears to revisit the credibility of the officers' testimony by exploring the "Incredible Testimony Regarding the Glock 23" and inconsistencies concerning the Glock 43 found on scene. [Doc. 54 at 10-11]. Again, Judge Lee considered these issues and found they do not negate the credibility of the officers. [Doc. 53 at 22, 24]. As far as the Glock 43 is concerned, Judge Lee adequately noted that the testifying officers explained the discrepancy raised by Defendant—Brisher states he found the gun on the tire of the vehicle, removed it, placed it on the hood so other officers would know it was there, and then Baldwin found it on the hood of the vehicle. [Doc. 53 at 4]. Further, Defendant does not dispute that a gun was ultimately found on the vehicle next to the residence. Regarding the Glock 23 found in the residence, this part of the affidavit was not considered in Judge Lee's probable cause analysis. [*Id.* at 23-24]. Instead, this went to the issue of credibility. Given the significant deference afforded to Judge Lee's firsthand weighing of testimony, as well as the personal characteristics of each witness

4

previously explored by this Court, the difference between the witnesses' version of events does not itself render the officer testimony noncredible.

Ultimately, that the officers do not recall smelling normal household fragrances is not an indication that their testimony was not credible. Particularly, the Court agrees with Judge Lee's determination that their statements prove credible when considering their extensive training and largely consistent testimony. The Court further agrees with Judge Lee's determination that the credibility of the officers outweighs that of the defense witnesses. Thus, the objections regarding Judge Lee's determinations of credibility are **OVERRULED**.

B. The Court's Examination of Bias

Defendant next objects to the Judge Lee's examination of potential bias in the Report and Recommendation. Specifically, Defendant argues that Judge Lee did not consider the potential bias of the officers despite her doing so for the defense witnesses. Defendant references potential bias as one of the officers on scene "knew Judges in the 12th judicial district," and by claiming the officers "wanted to search the defendant's home before the arrest warrant was executed." [*Id.* at 6]. Defendant then makes the significant assertion that the "officers have at least equal bias in favor of the United States and the zeal for law enforcement as [Defendant's witnesses] have for Bailey." [*Id.*]. However, aside from these conclusory statements proclaiming substantial bias and demanding the Court's examination of the same, Defendant provides no further context or argumentation as to how Judge Lee erred in her conclusions of fact and determinations of credibility. That is, Defendant does no more than offer objections that proclaim a vague notion of officer bias. It appears that Defendant simply disagrees with Judge Lee's determination that the officers were more credible than the defense witnesses.

Defendant also appears to suggest that Judge Lee's prudence in counseling the defense witnesses of their right to not testify in a self-incriminatory manner, and asking the United States

5

Case 1:22-cr-00065-CEA-SKL   Document 57   Filed 08/16/23   Page 5 of 8   PageID #: 1161

if the witnesses were targets of active inquiries, applied "pressure" to the defense witnesses—thus rendering their testimony more credible. [Doc. 54 at 5-6]. The Court disagrees with the characterization that Judge Lee's prudence in advising the witnesses of their rights applied "pressure" on them. Further, that the witnesses were counseled on these issues and have had other contacts with the Government does not preclude the determination that their personal relationships with Defendant—along with other inconsistencies in their testimony—indicate bias.

Generally asserting the existence of governmental bias, and proclaiming it was not adequately considered, is not enough to call Judge Lee's determinations into question. As such, the Court will not reverse course on this issue either. Defendant's objections concerning the examination of bias are likewise **OVERRULED**.

### C. Accuracy of the Affidavit at Issue

Defendant points to several excerpts of the hearing transcript that allegedly show that Judge Lee's determinations and findings as to the affidavit were incorrect. [Doc. 54 at 7-9]. Defendant argued, and continues to proclaim, that the following passage from the warrant affidavit was materially false: "While at the residence using what appeared to be the primary door attempting to talk Bailey out of the residence, all Law Enforcement personal (sic) present, including your affiant could smell the distinct odor of Marijuana Coming from inside the residence." [Doc. 53 at 13-14].

Defendant carries the burden to establish by a preponderance of the evidence that the challenged excerpt in the affidavit was intentionally and materially false. *See United States v. Elkins*, 300 F.3d 638, 649 (6th Cir. 2002) (The "court must strike from the warrant affidavit statements that the defendant can prove by a preponderance of the evidence to be both (a) materially false and (b) made with reckless or intentional disregard for their falsity"); *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) ("He must show at the hearing, by a preponderance of the evidence, that false statements were made either intentionally or with reckless disregard for

6

the truth and that without these statements there is insufficient content in the affidavit to support a finding of probable cause.").

Defendant's primary objections seem to be that Brisher was "never at the primary door" and that Brisher did not speak to "all" personnel regarding the odor of marijuana. [Doc. 54 at 9-10]. Defendant further highlights the seeming contradictions between Judge Lee's findings of fact and some of the testimony at the hearing in his Reply to the Response of the United States. [Doc. 56]. Defendant claims that much of the excerpt at issue should be excised from the affidavit because of these "intentionally or reckless (sic) made false statements." [*See id.* at 4].

However, while Brisher may not have been at the "primary door," he was present at the scene and in close proximity to the officers who were directly next to said entrance at the time. Further, Brisher has significant experience in drug cases and is thus familiar with the smell of marijuana. And while he may not have spoken to every officer on scene, those he *did* speak with also smelled marijuana. Given the context, the Court agrees with Judge Lee in finding these minor inconsistencies do not render the testimony untrustworthy and are outweighed by the largely consistent testimony. [Doc. 53 at 15]. In other words, that Brisher was not directly beside this primary entrance, and that every single officer on the property at the time was not spoken to, does not render the affidavit *materially* false.

When reading the affidavit in a commonsense manner, the term "present" does not necessitate one being within inches of the primary entrance. Further, that "all" officers on the scene were not spoken to does not make the passage *materially* false. Each officer that Brisher did speak with smelled marijuana. Further, Brisher's significant training on the subject and the fact that those present in the area also smelled marijuana explains why he used the phrase "all law enforcement

7

. . . present." The Court finds that these inconsistencies were not made with reckless or intentional disregard, given the context.

The Court agrees with Judge Lee's finding that, when read in a commonsense manner, the statements in the affidavit at issue are not materially false. [Doc. 53 at 14]. As such, Defendant's objection on this issue is **OVERRULED**.

### D. The Science of Smell

On the first page of Defendant's brief, he mentions an objection to the Court's treatment of "the science of the sense of smell" [Doc. 54 at 1]. While the sense of smell is compared to that of sight and hearing at length toward the beginning of the briefing, this is done in the context of credibility determinations in the Report and Recommendation. Defendant does not make any substantial or coherent scientific argument as to why Judge Lee's treatment of the "science of smell"—including her examination of the scholarly article initially briefed by Defendant—is incorrect. [Doc. 53 at 17-19]. As such, this objection is likewise **OVERRULED**.

### III. Conclusion

The Defendant has not carried his burden in showing the affidavit was materially false or that Judge Lee's credibility determinations were in error. As such, probable cause for the search existed and, thus, Defendant's constitutional rights were not violated. Defendant Bailey's Objections to the R&R [Doc. 54] are **OVERRULED**. Judge Lee's R&R [Doc. 53] is **APPROVED** and **ADOPTED**. Defendant's Motion to Suppress [Doc. 37] is **DENIED**.

SO ORDERED.

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**